**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

HILLIARD WILSON,

       Petitioner,                       Civil No. 2:12-CV-14597
                                         HONORABLE NANCY G. EDMUNDS
v.                                   UNITED STATES DISTRICT JUDGE

THOMAS WINN,

       Respondent,

_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS**
**AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO**
**APPEAL _IN FORMA PAUPERIS_**

       Hilliard Wilson, ("Petitioner"), confined at the Saginaw Correctional Facility in
Freeland, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.
In his _pro se_ application, petitioner challenges his convictions for assault with intent to
commit murder, M.C.L.A. 750.83; discharging a firearm in an occupied structure, M.C.L.A.
750.234b(2); carrying a concealed weapon, M.C.L.A. 750.227; felon in possession of a
firearm, M.C.L.A. 750.224f; and possession of a firearm in the commission of a felony,
M.C.L.A. 750.227b.  For the reasons that follow, the petition for writ of habeas corpus is
DENIED.

## I.  Background

       Petitioner was convicted of the above offenses following a jury trial in the Wayne
County Circuit Court.

       Petitioner's conviction arose from an incident that happened in the early morning
hours of June 14, 2008.  Emory McNair testified that he was renting a room for a night in

an apartment.  At around 4:45 a.m., McNair heard a knock on the door.  McNair opened

the door and saw that it was petitioner, whom McNair knew as "Ball."  McNair recognized

petitioner because he'd known him for approximately six months and the two men had gone

out together before.  McNair also knew that petitioner was a childhood friend of the man

he was renting the room from.  McNair and petitioner went upstairs and sat at the dining

room table.  Petitioner began talking about an incident a few weeks earlier where McNair

and petitioner were at a bar together and had their cell phones stolen out of their driver's

vehicle.  After approximately five minutes of sitting at the table, petitioner stood up, pulled

a long, silver revolver out of his pocket, and shot McNair in the right ankle.  McNair

attempted to stand up but fell to the floor and went under the table to shield himself from

further shots.  Petitioner continued firing his weapon until there were no more bullets left.

McNair could see the barrel of the gun spinning with no bullets coming out.  McNair was

shot several times, sustaining gunshot wounds to his ankles, calves, hips, and groin.

In spite of being shot, McNair managed to call 911.  McNair told the two initial

responding police officers that he did not know who shot him.  Police recovered two spent

bullets from the scene.

McNair was taken to the hospital, where he remained for three weeks.  Sergeant

Ryan Lovier of the Detroit Police Department visited him and showed him a single

photograph of petitioner.  McNair positively identified petitioner as his assailant.  At trial,

McNair again positively identified petitioner as his assailant.

Petitioner's conviction was affirmed on appeal.  *People v. Wilson,* No. 301899

(Mich.Ct.App. April 19, 2012); *lv. den.* 492 Mich. 869, 819 N.W.2d 909 (2012).

Petitioner filed a petition for writ of habeas corpus, which was held in abeyance while

2

petitioner returned to the state courts to exhaust additional claims. *See Wilson v. Rapelje,* No. 2:12-CV-14597; 2013 WL 450087 (E.D. Mich. February 5, 2013).

Petitioner filed a post-conviction motion for relief from judgment, which was denied. *People v. Wilson,* No. 10-7648 (Wayne County Circuit Court, January 13, 2014). The trial judge denied petitioner's request to supplement or amend his motion for relief from judgment. *People v. Wilson,* No. 10-7648 (Wayne County Circuit Court, March 7, 2014). The Michigan appellate courts denied petitioner leave to appeal. *People v. Wilson,* No. 321313 (Mich.Ct.App. June 10, 2014); *lv. den.* 497 Mich. 947, 857 N.W. 2d 19 (2014).

On February 11, 2015, the Court reopened the case to the Court's active docket, amended the caption, and permitted petitioner to file an amended habeas petition, in which petitioner seeks relief on the following grounds:

I. Petitioner was denied a fair trial where the trial court deprived petitioner of his due process right to present a defense by interfering with the production of defense witness DeAngelo Martin.

II. Petitioner was denied his constitutional right to effective assistance of counsel at trial therefore, he was entitled to a remand for a hearing pursuant to *People v. Ginther*, 390 Mich 436; 212 NW2d 922 (1973) and/or a new trial.

III. Trial court's failure to ascertain the record whether petitioner intelligently and knowingly waived his right to testify required a new trial.

IV. There was insufficient evidence as a matter of law to establish petitioner's conviction for assault with intent to murder as required by the Due Process Clause in the federal and state constitutions.

V. Petitioner was denied the effective assistance of counsel by the cumulative effect of errors and deficient performance where counsel failed to do a thorough pretrial investigation; counsel's failure to interview or call material witnesses; failure to file motions and failure to request an evidentiary (*Wade*) hearing on the reliability of Mr. McNair's single photo identification. Counsel's deficient performance denied his client due process and made Petitioner's trial fundamentally unfair.

3

VI. The district court erred in violation of petitioner's due process rights by binding the petitioner over for trial without a finding of probable cause that the offenses occurred and petitioner was the person who committed those offenses.

VII. The trial court was without subject-matter jurisdiction to hear the case.

VIII. Petitioner was denied the effective assistance of counsel during critical stages pretrial and trial proceedings.

IX. The trial court abused its discretion where it allowed the erroneous scoring of offense variables, three, four and six.  Counsel was ineffective during the sentencing procedurings [sic].

X. Petitioner was denied the effective assistance of appellate counsel.

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty

Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
(2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state

court arrives at a conclusion opposite to that reached by the Supreme Court on a question

of law or if the state court decides a case differently than the Supreme Court has on a set

of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  An

"unreasonable application" occurs when "a state court decision unreasonably applies the

4

law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court has explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,'and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010)((quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002)(*per curiam*)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 562 U.S. at 103.

Petitioner filed a petition with this Court, raising ten claims, with several subclaims. The Sixth Circuit observed: "When a party comes to us with nine grounds for reversing the district court, that usually means there are none." *Fifth Third Mortgage v. Chicago Title Ins.*, 692 F.3d 507, 509 (6th Cir. 2012).

### III. Discussion

5

**A. Claim # 1.  The right to present a defense claim.**

Petitioner first contends that his right to present a defense was violated when the trial court refused to allow him to call DeAngelo Martin as a defense witness.  Petitioner wanted Martin to testify that McNair stayed in a drug house, that McNair sold drugs in that house, that McNair often walked with or was with petitioner after the shooting but never contacted the police, and that McNair was at the scene after the shooting. (Tr. 11/3/10, pp. 230-31).  The trial judge denied the request to allow Martin to testify about the character of the drug house. (*Id.,* p. 231).  The judge told trial counsel that Martin needed to provide specific times and dates regarding when he saw McNair. (*Id.*, p. 234).  After conferring with Martin, trial counsel informed the judge that Martin could not provide specific dates and withdrew his request for Martin to testify. (*Id.*).

The Michigan Court of Appeals rejected petitioner's claim.  The court first found that to the extent that petitioner wanted to call Martin to offer an opinion about the victim's character for truthfulness, his reputation for truthfulness in the community, or to testify that he was illegally dealing drugs, the testimony was properly excluded as improper extrinsic evidence of character. *People v. Wilson*, 2012 WL 1367576, at *2.  The Michigan Court of Appeals further concluded that Martin's proposed testimony that he had saw the victim with petitioner after the shooting was permissible impeachment because it would be unusual for a victim to socialize with his or her attacker shortly after the attack.  However, the Michigan Court of Appeals further concluded that Martin's testimony would only be relevant if he could testify that the victim socialized with petitioner after the shooting.  The victim and petitioner had socialized for months before the shooting.  Because Martin indicated that he could not definitively testify that he saw the victim and petitioner together

after the shooting, the Michigan Court of Appeals ruled that trial court could exclude his testimony as irrelevant or because it was outweighed by the danger of unfair prejudice, or was confusing, or misleading. *Id.*

Just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he also has the right to present his own witnesses to establish a defense. This right is a fundamental element of the due process of law. *Washington v. Texas*, 388 U.S. 14, 19 (1967); *See also Crane v. Kentucky,* 476 U.S. 683, 690 (1986)("whether rooted directly in the Due Process Clause of the Fourteenth Amendment, or in the Compulsory Process or Confrontation clauses of the Sixth Amendment, the Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense'")(internal citations omitted). However, an accused in a criminal case does not have an unfettered right to offer evidence that is incompetent, privileged, or otherwise inadmissible under the standard rules of evidence. *Montana v. Egelhoff*, 518 U.S. 37, 42 (1996). The Supreme Court, in fact, has indicated its "traditional reluctance to impose constitutional constraints on ordinary evidentiary rulings by state trial courts." *Crane,* 476 U.S. at 689. The Supreme Court gives trial court judges "wide latitude" to exclude evidence that is repetitive, marginally relevant, or that poses a risk of harassment, prejudice, or confusion of the issues. *Id.* (citing *Delaware v. Arsdall,* 475 U.S. 673, 679 (1986)). Finally, rules that exclude evidence from criminal trials do not violate the right to present a defense unless they are "'arbitrary' or 'disproportionate to the purposes they are designed to serve.'" *United States v. Scheffer*, 523 U.S. 303, 308 (1998)(*quoting Rock v. Arkansas*, 483 U.S. 44, 56 (1987)).

Moreover, under the standard of review for habeas cases as enunciated in §

7

2254(d)(1), it is not enough for a habeas petitioner to show that the state trial court's decision to exclude potentially helpful evidence to the defense was erroneous or incorrect. Instead, a habeas petitioner must show that the state trial court's decision to exclude the evidence was "an objectively unreasonable application of clearly established Supreme Court precedent." *See Rockwell v. Yukins,* 341 F. 3d 507, 511-12 (6th Cir. 2003). Additionally, "the Supreme Court has made it perfectly clear that the right to present a 'complete' defense is not an unlimited right to ride roughshod over reasonable evidentiary restrictions." *Id.* at p. 512.

A federal habeas court will not disturb a state court's exclusion of evidence on the ground of relevancy "unless the relevance and probative value of such evidence is so apparent and great that excluding the evidence denies the petitioner the due process of law." *Jones v. Smith,* 244 F. Supp. 2d 801, 814 (E.D. Mich. 2003)(internal citations omitted). "The inquiry in reviewing a claim of improper exclusion of evidence is whether the evidence was rationally connected to the crime charged and, if its exclusion was so prejudicial as to deprive the defendant of a fundamentally fair trial." *Id.*

The trial court excluded Martin from testifying because he could not categorically state that he saw Mr. McNair with petitioner after the shooting. Without being able to definitively state that McNair was together with petitioner after the shooting, Martin's proposed testimony would have little, if any, relevant value. The trial court's decision to preclude defense counsel from calling DeAngelo Martin as a defense witness did not violate petitioner's right to confrontation or due process, because the evidence was only remotely relevant to impeach the victim's credibility. *See Farley v. Lafler,* 193 Fed.Appx. 543, 546 (6th Cir. 2006). Although "[t]he Confrontation Clause places meaningful limits

8

on a trial judge's ability to exclude evidence under a state's rules of evidence, those limits are not relevant when the information in question has virtually no probative value[,]." *Id.* at 547.

Finally, the trial court's exclusion of Martin's testimony was not so egregious that it effectively denied petitioner a fair trial, in light of the fact that petitioner was not completely barred from impeaching McNair's credibility. *See Fleming v. Metrish*, 556 F. 3d 520, 535-36 (6th Cir. 2009). Counsel elicited testimony from a responding police officer that McNair told the officers he did not know who shot him. McNair stated that he was at the home alone when he was shot, but there was evidence that Jimia Mitchell was present in the home at the time of the shooting. McNair stated that one of the officers kicked him when he was lying on the ground and stated that he was dead, but the officers denied doing that. With the quantum of evidence on the defense theory in the record, this Court concludes that the petitioner was afforded "a meaningful opportunity to present a complete defense." *Allen v. Howes,* 599 F. Supp. 2d 857, 873 (E.D. Mich. 2009)(citing *Crane*, 476 U.S. at 690 (citation and internal quotations omitted)). Petitioner is not entitled to relief on his first claim.

**B.  Claims # 2, 5, 8, 9, and 10.  The ineffective assistance of counsel claims.**

The Court consolidates petitioner's ineffective assistance of counsel claims for judicial clarity and because many of the claims overlap. Petitioner brings numerous claims of ineffective assistance of trial and appellate counsel.

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was

9

so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id.* In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689. Second, the defendant must show that such performance prejudiced his defense. *Id.* To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. "*Strickland*'s test for prejudice is a demanding one. 'The likelihood of a different result must be substantial, not just conceivable.'" *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011)(quoting *Harrington*, 562 U.S. at 112). The Supreme Court's holding in *Strickland* places the burden on the defendant who raises a claim of ineffective assistance of counsel, and not the state, to show a reasonable probability that the result of the proceeding would have been different, but for counsel's allegedly deficient performance. *See Wong v. Belmontes*, 558 U.S. 15, 27 (2009). The *Strickland* standard applies as well to claims of ineffective assistance of appellate counsel. *See Whiting v. Burt,* 395 F. 3d 602, 617 (6th Cir. 2005).

More importantly, on habeas review, "the question 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable-a substantially higher threshold.'" *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)(quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). "The pivotal question is whether the state court's application of the *Strickland*

standard was unreasonable.  This is different from asking whether defense counsel's performance fell below *Strickland's* standard." *Harrington v. Richter*, 562 U.S. at 101. Indeed, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Knowles,* 556 U.S. at 123 (citing *Yarborough v. Alvarado*, 541 U.S. at 664).  Pursuant to the § 2254(d)(1) standard, a "doubly deferential judicial review" applies to a *Strickland* claim brought by a habeas petitioner. *Id.*  This means that on habeas review of a state court conviction, "[A] state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself."*Harrington*, 562 U.S. at 101.  "Surmounting *Strickland's* high bar is never an easy task." *Id.* at 105 (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)).

Petitioner initially contends that he was denied his right to an evidentiary hearing on some of his ineffective assistance of trial counsel claims pursuant to *People v. Ginther*, 390 Mich. 436, 443; 212 N.W. 2d 922 (1973) and M.C.R. 7.211(C)(1).

The Court does not have the power to grant habeas relief on petitioner's claim that the state courts denied his motion for an evidentiary hearing.  There is no federal constitutional right to appeal a state court conviction. *Cleaver v. Bordenkircher*, 634 F. 2d 1010, 1011 (6th Cir. 1980).  Where a habeas petitioner alleges a denial of his or her right to appeal a state criminal conviction, he or she is not entitled to federal habeas relief. *Tate v. Livesay*, 612 F. Supp. 412, 413 (M.D. Tenn. 1984).  In addition, violations of state law and procedure which do not infringe specific federal constitutional protections are not cognizable claims under Section 2254. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Whether the state trial court or the Michigan Court of Appeals erred in denying petitioner's

11

motion for an evidentiary hearing on his ineffective assistance of counsel claims is a question of state law that cannot be reviewed in a federal habeas petition. *See Hayes v. Prelesnik,* 193 Fed. Appx. 577, 584 (6th Cir. 2006).   Moreover, there is no clearly established Supreme Court law which recognizes a constitutional right to a state court evidentiary hearing to develop a claim of ineffective assistance of counsel on appeal. *Id.* at 585.  Accordingly, petitioner would not be entitled to habeas relief on this claim.

Moreover, even if there is a due process component to petitioner's claims involving the denial of his motions for a *Ginther* hearing, deprivation of this sort would not form the basis for issuing a writ of habeas corpus, but might support a request for an evidentiary hearing in this Court for the purpose of developing a record on the petitioner's ineffective assistance of counsel claims. *See May v. Renico,* 2002 WL 31748845, * 5 (E.D. Mich. November 12, 2002).  This Court must determine whether petitioner is entitled to an evidentiary hearing on his claims.

When deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable the habeas petitioner to prove the petition's factual allegations, which, if true, would entitle the petitioner to federal habeas relief on his claim or claims. *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).   "[B]ecause the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate." *Id.*  If the record refutes the habeas petitioner's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing. *Id.*  Stated differently, a habeas petitioner is not entitled to an evidentiary hearing on his claims if they lack merit. *See Stanford v. Parker,* 266 F. 3d 442, 459-60 (6th Cir.

12

2001).  A habeas petitioner is not entitled to an evidentiary hearing on his claims of ineffective assistance of counsel where the petitioner fails to allege specific facts which, if true, would entitle him to relief on his claims. *See Barber v. Birkett,* 276 F. Supp. 2d 700, 706 (E.D. Mich. 2003).  As will be discussed below, petitioner's ineffective assistance of counsel claims are without merit, therefore, he is not entitled to an evidentiary hearing on these claims.

Petitioner first claims that his trial counsel was ineffective for failing to bring a pre-trial motion to challenge McNair's pre-trial identification as being the product of a suggestive identification.  The Michigan Court of Appeals rejected petitioner's claim, on the ground that McNair had an independent basis for his in-court identification of petitioner, in that he had known him for six months prior to the shooting and had a good opportunity to observe the offense, in that immediately before the shooting, petitioner sat down "right next to" the victim at a dining room table, "within arm's reach of each other," and with the light over the table.  The Michigan Court of Appeals noted that the victim never identified anyone else as his assailant. *People v. Wilson*, 2012 WL 1367576, at *3. Moreover, this Court notes the victim positively identified petitioner as his shooter at the  trial. (Tr. 11/3/10, pp. 142-43, 176).

Due process protects the accused against the introduction of evidence which results from an unreliable identification obtained through unnecessarily suggestive procedures. *Moore v. Illinois*, 434 U.S. 220, 227 (1977).  To determine whether an identification procedure violates due process, courts look first to whether the procedure was impermissibly suggestive; if so, courts then determine whether, under the totality of circumstances, the suggestiveness has led to a substantial likelihood of an irreparable

13

misidentification. *Kado v. Adams*, 971 F. Supp. 1143, 1147-48 (E.D. Mich. 1997)(citing *Neil v. Biggers*, 409 U.S. 188 (1972)). Five factors should be considered in determining the reliability of identification evidence:

> 1. the witness's opportunity to view the criminal at the time of the crime;
> 2. the witness's degree of attention at the time of the crime;
> 3. the accuracy of the witness's prior description of the defendant;
> 4. the witness's level of certainty when identifying the suspect at the confrontation; and,
> 5. the length of time that has elapsed between the time and the confrontation.

*Neil v. Biggers,* 409 U.S. at 199-200.

A criminal defendant has the initial burden of proving that the identification procedure was impermissibly suggestive. It is only after a defendant meets this burden of proof that the burden then shifts to the prosecutor to prove that the identification was reliable independent of the suggestive identification procedure. *See Johnson v. Warren,* 344 F. Supp. 2d 1081, 1090 (E.D. Mich. 2004)(citing *English v. Cody,* 241 F. 3d 1279, 1282-83 (10th Cir. 2001)(citing *United States v. Wade*, 388 U.S. 218, 240, n. 31 (1967)). If a defendant fails to show that the identification procedures were impermissibly suggestive, or if the totality of the circumstances indicate that the identification is otherwise reliable, no due process violation has occurred; so long as there is not a substantial misidentification, it is for the jury or factfinder to determine the ultimate weight to be given to the identification. *See United States v. Hill*, 967 F. 2d 226, 230 (6th Cir. 1992); *Johnson,* 344 F. Supp. 2d at 1090.

In light of the fact that the victim's identification of petitioner was independently reliable, given the ample opportunity that he had to observe petitioner at the crime scene, his previous familiarity with petitioner, and the certainty of his in-court identification,

14

petitioner was not prejudiced, as required to establish ineffective assistance, by trial counsel's failure to make a pretrial motion to suppress the victim's in-court and out-of-court identifications on the basis that the lineup was suggestive. *See Howard v. Bouchard,* 405 F. 3d 459, 481-485 (6th Cir. 2005).

Moreover, petitioner's counsel explored the various problems with Mr. McNair's identification at trial through the cross-examination of Mr. McNair, Officer Shauntel Jenkins, and Sergeant Lovier. Petitioner's counsel also called the other responding officer, Officer David Tanner, as a defense witness, from whom he also elicited testimony impeaching McNair's identification of petitioner. (Tr. 11/3/10, pp. 176-192, 202-209, 215-18, Tr. 11/4/10, pp. 4-10). Counsel in particular elicited testimony from Officer Tanner that McNair told the police he did not know who the shooter was. He also elicited testimony that Officer Jenkins had listed Victor Terrell as a possible suspect. Even if counsel had not objected to the in-court identification of petitioner, the decision to attack the credibility of Mr. McNair's identification of petitioner through cross-examination and the direct examination of his own witness was a reasonable trial strategy that defeats petitioner's ineffective assistance of trial counsel claim. *See Scott v. Elo,* 100 Fed. Appx. 332, 333-34 (6th Cir. 2004).

Petitioner next contends that trial counsel was ineffective for failing to call his girlfriend Cidney Dunbar as an alibi witness. As part of his tenth claim, petitioner contends that appellate counsel was ineffective for failing to attach an affidavit from Ms. Dunbar to her motion for a *Ginther* hearing, causing the Michigan Court of Appeals to reject petitioner's claim on direct appeal because petitioner failed to present Dunbar's affidavit to confirm that she was willing to testify concerning petitioner's proposed alibi. *People v.*

15

*Wilson*, 2012 WL 1367576, at *4.

Petitioner failed to present an affidavit from Cidney Dunbar to support his ineffective assistance of trial counsel claim on his direct appeal with the Michigan Court of Appeals. Petitioner also failed to submit an affidavit from Ms. Dunbar to the Michigan courts to support the related ineffective assistance of appellate counsel claim that he raised in his post-conviction motion for relief from judgment. Petitioner also failed to attach an affidavit from Ms. Dunbar to his petition for writ of habeas corpus. Conclusory allegations of ineffective assistance of counsel, without any evidentiary support, do not provide a basis for habeas relief. *See Workman v. Bell,* 178 F.3d 759, 771 (6th Cir. 1998). By failing to present any evidence to the state courts in support of his ineffective assistance of trial or appellate counsel claims, petitioner is not entitled to an evidentiary hearing on his ineffective assistance of counsel claim with this Court. *See Cooey v. Coyle*, 289 F. 3d 882, 893 (6th Cir. 2002)(citing 28 U.S.C. § 2254(e)(2)(A)(ii)). Petitioner has failed to attach any offer of proof or any affidavit sworn by Ms. Dunbar. Petitioner has offered, neither to the Michigan courts nor to this Court, any evidence beyond his own assertions as to whether Ms. Dunbar would have been able to testify and what the content of her testimony would have been. In the absence of such proof, petitioner is unable to establish that he was prejudiced by trial counsel's failure to call Ms. Dunbar to testify at trial or appellate counsel's failure to include an affidavit from Ms. Dunbar to support the motion for a *Ginther* hearing, so as to support the second prong of an ineffective assistance of counsel claim. *See Clark v. Waller,* 490 F. 3d 551, 557 (6th Cir. 2007).

Petitioner next contends that trial counsel was ineffective for failing to call him to testify as a witness. When a tactical decision is made by an attorney that a defendant

16

should not testify, the defendant's assent is presumed. *Gonzales v. Elo*, 233 F. 3d 348, 357 (6th Cir. 2000).  A federal court sitting in habeas review of a state court conviction should have "a strong presumption that trial counsel adhered to the requirements of professional conduct and left the final decision about whether to testify with the client." *Hodge v. Haeberlin*, 579 F. 3d 627, 639 (6th Cir. 2009)(internal citation omitted).  To overcome this presumption, a habeas petitioner must present record evidence that he or she somehow alerted the trial court to his or her desire to testify. *Id.*  Because the record is void of any indication by petitioner that he disagreed with counsel's advice that he should not testify, petitioner has not overcome the presumption that he willingly agreed to counsel's advice not to testify or that his counsel rendered ineffective assistance of counsel. *Gonzales,* 233 F. 3d at 357.

Moreover, petitioner has failed to show that he was prejudiced by counsel's advice concerning whether he should testify or not.  Petitioner has failed to provide any details of his proposed testimony and is thus unable to establish prejudice based upon counsel's allegedly deficient advice concerning whether he should testify or not. *Hodge,* 579 F. 3d at 641 (defendant did not demonstrate prejudice required to establish claim of ineffective assistance of counsel based upon defense counsel's alleged impairment of his right to testify at capital murder trial where defendant did not provide details about substance of his testimony and merely speculated that his testimony would have had impact on jury's view of certain witnesses' credibility and of his involvement in murders).

Petitioner next claims that his trial counsel was ineffective for not demanding the production of two *res gestae* witnesses, Jimia Mitchell and Victor Terrell.  The Michigan Court of Appeals rejected this claim, on the ground that that neither Mitchell nor Terrell

17

could have provided exculpatory testimony, because Mitchell was sleeping in the apartment when the shooting occurred and she awoke and came out only after petitioner left the apartment and Terrell came to the apartment only after hearing the gunshots and after petitioner left. *People v. Wilson*, 2012 WL 1367576, at *4.

Petitioner failed to show that these witnesses would have offered favorable testimony to the defense, therefore, counsel was not ineffective for failing to seek the production of these witnesses or for failing to demand a due diligence hearing. *See Greene v. Lafler*, 447 F. Supp. 2d 780, 793 (E.D. Mich. 2006).

Petitioner next contends that trial counsel failed to engage in adequate pre-trial investigation. Conclusory allegations of ineffective assistance of counsel do not provide a basis for habeas relief. *See Workman v. Bell*, 160 F.3d at 287. Petitioner's bare assertion that his trial counsel failed to adequately investigate his case is insufficient to support his ineffective assistance of counsel claim. *See Starcher v. Wingard,* 16 Fed. Appx. 383, 388 (6th Cir. 2001).

Petitioner next contends that trial counsel was ineffective for failing to file a motion to quash the information to challenge the examining magistrate's decision to bind his case over to circuit court for trial. As the Michigan Court of Appeals noted in rejecting petitioner's claim, sufficient evidence existed at the preliminary examination to support binding petitioner over for trial. *People v. Wilson*, 2012 WL 1367576, at *5. Because there was sufficient evidence presented at the preliminary examination to bind petitioner over for trial, counsel was not ineffective for failing to file a motion to quash the information. *See e.g. Dell v. Straub,* 194 F. Supp. 2d 629, 649 (E.D. Mich. 2002).

Petitioner next contends that trial counsel was ineffective for failing to review and

18

use various police notes and reports.  Petitioner has failed to show that any of these police

notes and reports contained exculpatory information.  Because petitioner has failed to

show that any of these police notes or reports contained information that would exonerate

him of these crimes, any alleged failure by counsel to obtain or to use these police notes

or reports did not prejudice petitioner, so as to entitle him to habeas relief on his ineffective

assistance of trial counsel claim. *See Pillette v. Berghuis,* 408 Fed. Appx. 873, 889-90 (6th

Cir. 2010).

Petitioner next claims that trial counsel was ineffective for failing to challenge the

two year delay between petitioner's crime and his arrest.

This Court initially notes that petitioner has neither alleged nor established a

violation of his Sixth Amendment right to a speedy trial, because he was not actually

arrested and charged with this crime until July 9, 2010. [1]  The Supreme Court has noted

that it is "[e]ither a formal indictment or information or else the actual restraints imposed

by arrest and holding to answer a criminal charge that engage the particular protections

of the speedy trial provision of the Sixth Amendment." *United States v. Marion,* 404 U.S.

307, 320 (1971).  Therefore, although the invocation of the Speedy Trial Clause of the

Sixth Amendment need not await indictment, information or other formal charge, the

provision of the Speedy Trial Clause does not apply to the period prior to arrest. *Id.*

The Due Process Clause, however, provides a limited role in protecting criminal

defendants against "oppressive" pre-arrest or pre-indictment delay.   *United States v.*

*Lovasco,* 431 U.S. 783, 789 (1977).  Proof of prejudice is generally a necessary but not

---

[1]  See Docket Sheet, Case # 10-007648, p. 1 [This Court's Dkt. # 14-1].

19

sufficient element of a due process claim involving pre-indictment delay, and the due process inquiry must consider the reasons for the delay as well as prejudice to the accused. *Id.* at 790.

The Sixth Circuit has consistently read *Lovasco* to hold that dismissal for pre-indictment delay is warranted only when the defendant shows: (1) substantial prejudice to his right to a fair trial; and (2) that the delay was an intentional device by the government to gain a tactical advantage. *United States v. Brown*, 959 F. 2d 63, 66 (6th Cir. 1992). The Sixth Circuit has repeatedly held that where the pre-indictment delay is caused merely by negligence on the part of prosecutors or police, no due process violation exists. *United States v. Rogers.* 118 F. 3d 466, 476 (6th Cir. 1997) (rejecting the argument that "reckless or negligent disregard of a potentially prejudicial circumstance violates the Fifth Amendment guarantee of due process"); *United States v. Banks*, 27 Fed. Appx. 354, 357 (6th Cir. 2001)("Our Circuit has recognized that where delay is due to simple negligence and not a concerted effort by the government to gain an advantage, no due process violation exists."). Finally, where a habeas petitioner fails to show that the prosecutor delayed the prosecution for illegitimate reasons, it is unnecessary for a court to determine whether the petitioner satisfies the "substantial prejudice" requirement. *Wolfe v. Bock,* 253 Fed. Appx. 526, 532 (6th Cir. 2007)(no due process deprivation of right to fair trial when petitioner failed to establish that 15-year delay between murder and his arrest was for illegitimate reasons). A defendant who seeks dismissal of criminal charges based on pre-charging or pre-indictment delay has the burden of demonstrating that the delay between the crime and the indictment was an intentional device on the part of the prosecution to gain a decided tactical advantage in its case. *United States v. Schaffer,* 586

20

F. 3d 414, 425-26 (6th Cir. 2009).

Petitioner does not allege nor show that the police or prosecutor intentionally delayed charging him in order to gain a tactical advantage over his case, thus, counsel was not ineffective for failing to challenge the pre-charging delay. *See Lenoir v. Warden, S. Ohio Corr. Facility*, 886 F. Supp. 2d 718, 735 (S.D. Ohio 2012).

Petitioner next contends that he was denied counsel at a critical stage of the proceedings because his attorney failed to challenge the trial court's alleged lack of subject matter jurisdiction based upon a defective bindover from the state district court. The Michigan Court of Appeals concluded that there was sufficient evidence at the preliminary examination to justify binding petitioner over for trial. The circuit court thus had proper jurisdiction over petitioner's case. Trial counsel was therefore not ineffective for failing to raise a futile objection. *See U.S. v. Johnson*, 9 Fed.Appx. 373, 374 (6th Cir. 2001)(citing *McQueen v. Scroggy*, 99 F.3d 1302, 1328 (6th Cir. 1996)).

As part of his ninth claim, petitioner contends that trial counsel was ineffective for failing to object to the scoring of several offense variables (OV) of the Michigan Sentencing Guidelines. As respondent indicates in his brief, the offense variables were correctly scored. OV 3 was correctly scored at 25 points because the victim received a life threatening or permanent injury. OV 4 was correctly scored at 10 points because the evidence sufficiently supported a finding of serious psychological injury. OV 6 was correctly scored at 25 points because the evidence showed that petitioner intended to kill the victim. Because an objection to the scoring of the sentencing guidelines would have been futile, counsel was not ineffective for failing to object to the scoring of the offense variables. *See Harris v. U.S.,* 204 F. 3d 681, 683 (6th Cir. 2000).

In his tenth claim, petitioner contends that appellate counsel was ineffective.

The Sixth Amendment guarantees a defendant the right to the effective assistance of counsel on the first appeal by right. *Evitts v. Lucey*, 469 U.S. 387, 396-397 (1985). However, court appointed counsel does not have a constitutional duty to raise every nonfrivolous issue requested by a defendant. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). None of petitioner's claims have any merit. "[A]ppellate counsel cannot be found to be ineffective for 'failure to raise an issue that lacks merit.'" *Shaneberger v. Jones*, 615 F. 3d 448, 452 (6th Cir. 2010)(quoting *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001)). Because none of these claims can be shown to be meritorious, appellate counsel was not ineffective in her handling of petitioner's direct appeal. Petitioner is not entitled to habeas relief on his ineffective assistance of counsel claims.

### C.  Claim # 3.  The right to testify claim.

Petitioner next claims that the trial court should have inquired on the record whether he wanted to testify or not.

A trial court has no duty to inquire *sua sponte* whether a defendant knowingly, voluntarily, or intelligently waives his or her right to testify. *United States v. Webber*, 208 F. 3d 545, 551-552 (6th Cir. 2000).  A state trial judge is not constitutionally required to specifically address a criminal defendant and both explain that he or she has a right to testify and ask him or her whether he or she wishes to waive that right. *Siciliano v. Vose*, 834 F. 2d 29, 30 (1st Cir. 1987); *See also Liegakos v. Cooke,* 106 F. 3d 1381, 1386 (7th Cir. 1997).

Waiver of the right to testify may be inferred from a defendant's conduct.  Waiver is presumed from the defendant's failure to testify or notify the trial court of the desire to

do so. *Webber,* 208 F. 3d at 551. Here, petitioner did not alert the trial court at the time of trial that he wanted to testify. Thus, his failure to do so constitutes a waiver of this right. *Id.* Petitioner is not entitled to habeas relief on his third claim.

### C. Claim # 4. Sufficiency of evidence

Petitioner next contends that there was insufficient evidence of an intent to kill to support the assault with intent to commit murder conviction.

It is beyond question that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In Re Winship,* 397 U.S. 358, 364 (1970). But the critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is, "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979). This inquiry, however, does not require a court to "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* at 318-19 (internal citation and footnote omitted)(emphasis in the original).

More importantly, a federal habeas court may not overturn a state court decision that rejects a sufficiency of the evidence claim simply because the federal court disagrees with the state court's resolution of that claim. Instead, a federal court may grant habeas relief only if the state court decision was an objectively unreasonable application of the *Jackson* standard. *See Cavazos v. Smith,* 132 S. Ct. 2, 4 (2011). "Because rational

23

people can sometimes disagree, the inevitable consequence of this settled law is that judges will sometimes encounter convictions that they believe to be mistaken, but that they must nonetheless uphold." *Id.* Indeed, for a federal habeas court reviewing a state court conviction, "the only question under *Jackson* is whether that finding was so insupportable as to fall below the threshold of bare rationality." *Coleman v. Johnson*, 132 S.Ct. 2060, 2065 (2012).

Under Michigan law, the elements of assault with intent to commit murder in Michigan are: (1) an assault; (2) with an actual intent to kill; (3) which if successful, would make the killing murder. *See Warren v. Smith,* 161 F. 3d 358, 361 (6th Cir. 1998); *See also Steele v. Withrow,* 157 F. Supp. 2d 734, 740 (E.D. Mich. 2001). The intent to kill element does not equate with murder. *Warren,* 161 F. 3d at 361 (citing *People v. Taylor*, 422 Mich. 554; 375 N.W.2d 1, 7 (1985)). Thus, an intent to kill for purposes of this offense may not be proven by an intent to inflict great bodily harm or a wanton and wilful disregard of the likelihood that the natural tendency of the acts will likely cause death or great bodily harm. *Id.* Therefore, a conviction for assault with intent to commit murder must be premised upon a defendant's specific intent to kill. *Steele,* 157 F. Supp. 2d at 740 (citing *People v. Edwards*, 171 Mich.App. 613, 620; 431 N.W. 2d 83 (1988)). The intent to kill, for purposes of the crime of assault with intent to commit murder, need not be proved by direct, positive, or independent evidence, and the trier of fact may draw reasonable inferences from the facts and evidence in determining the existence of an intent to kill. *See Taylor*, 422 Mich. at 567-68. In determining the defendant's intent, a court may take into account "[t]he nature of the defendant's acts constituting the assault; the temper or disposition of mind with which they were apparently performed, whether the instrument

24

and means used were naturally adapted to produce death, his conduct and declarations prior to, at the time, and after the assault, and all other circumstances calculated to throw light upon the intention with which the assault was made." *Id.* at 568 (quoting *Roberts v. People*, 19 Mich. 401, 415-16 (1870)).   The use of a lethal weapon will support an inference of an intent to kill. *Steele,* 157 F. Supp. 2d at 740; *People v. Ray*, 56 Mich. App. 610, 615; 224 N.W. 2d 735 (1974).

In the present case, there was sufficient evidence for a rational trier of fact to conclude that petitioner specifically intended to kill McNair.   As the Michigan Court of Appeals noted in rejecting petitioner's claim, *See Wilson,* 2012 WL 1367576, at *7, the evidence established that petitioner defendant first shot the victim from a few feet away and then fired several more shots as the victim tried to "scurry away."   The fact that petitioner intentionally pointed his loaded firearm at McNair at close range, aimed in his direction, and fired several shots was sufficient evidence from which a reasonable factfinder could find beyond a reasonable doubt that petitioner actually intended to kill the victim. *See Johnigan v. Elo,* 207 F. Supp. 2d 599, 608 (E.D. Mich. 2002).   Moreover, the fact that petitioner fired multiple gunshots at McNair also supports a finding that petitioner intended to kill the victim. *See Steele v. Withrow,* 157 F. Supp. 2d at 740.   Petitioner is not entitled to habeas relief on his fourth claim.

### D.  Claims # 6 and # 7.  The improper bindover/jurisdictional defect claims.

In his sixth claim, petitioner contends that there was insufficient evidence presented at the preliminary examination to bind him over for trial on the assault with intent to murder charge.   In his related seventh claim, petitioner contends that because of the improper bindover, the Wayne County Circuit Court never properly acquired jurisdiction over his

25

case.

Petitioner has failed to state a claim upon which habeas relief can be granted.  A prior judicial hearing is not a prerequisite to prosecution by information. *Gerstein v. Pugh*, 420 U.S. 103, 119 (1975).  There is no federal constitutional right to a preliminary examination. *United States v. Mulligan*, 520 F. 2d 1327, 1329 (6th Cir. 1975); *Dillard v. Bomar*, 342 F. 2d 789, 790 (6th Cir. 1965).  Petitioner's claim that there was insufficient evidence presented at his preliminary examination to bind him over for trial thus raises only a matter of state law and procedure that cannot form a basis for federal habeas relief. *See Tegeler v. Renico,* 253 Fed. Appx. 521, 525-26 (6th Cir. 2007).  In addition, a guilty verdict renders harmless any error in the charging decision. *See United States v. Mechanik,* 475 U.S. 66, 73 (1986).  Any insufficiency of evidence at petitioner's preliminary examination would be harmless error in light of petitioner's subsequent conviction. *See Redmond v. Worthinton,* 878 F. Supp. 2d 822, 844 (E.D. Mich. 2012).  Petitioner is not entitled to relief on his sixth claim.

Petitioner's related seventh claim is non-cognizable.  The determination of whether a state court is vested with jurisdiction under state law over a criminal case is a function of the state courts, not the federal courts. *Wills v. Egeler,* 532 F. 2d 1058, 1059 (6th Cir. 1976); *See also Daniel v. McQuiggin,* 678 F. Supp. 2d 547, 553 (E.D. Mich. 2009).  The Sixth Circuit has noted that "[a] state court's interpretation of state jurisdictional issues conclusively establishes jurisdiction for purposes of federal habeas review." *Strunk v. Martin*, 27 Fed. Appx. 473, 475 (6th Cir. 2001).  Petitioner's claim that the trial court lacked jurisdiction to try his case for the most part raises an issue of state law, because it questions the interpretation of Michigan law, and is therefore not cognizable in federal

26

habeas review. *See United States ex. rel. Holliday v. Sheriff of Du Page County, Ill.,* 152 F. Supp. 1004, 1013 (N.D. Ill. 2001); *Cf. Toler v. McGinnis,* 23 Fed. Appx. 259, 266 (6th Cir. 2001)(district court lacked authority on habeas review to review petitioner's claim that the state court erred in refusing to instruct jury on the requirements for extraterritorial jurisdiction, because the claim was contingent upon an interpretation of an alleged violation of state law).  Petitioner is not entitled to relief on his seventh claim.

### E.  Claim # 9. The sentencing guidelines claim.

As part of his ninth claim, petitioner contends that the trial judge improperly scored several of the offense variables under the Michigan Sentencing Guidelines.

Petitioner's claim that the state trial court incorrectly scored or calculated his sentencing guidelines range under the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas review, because it is basically a state law claim. *See Tironi v. Birkett*, 252 Fed. Appx. 724, 725 (6th Cir. 2007); *Howard v. White,* 76 Fed. Appx. 52, 53 (6th Cir. 2003).  "Petitioner has no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence." *See Mitchell v. Vasbinder,* 644 F. Supp. 2d 846, 867 (E.D. Mich. 2009)(citing *Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 752 (E.D. Mich. 2005)).  "[I]n short, petitioner had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt,* 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004).  Any error by the trial court in calculating his guideline score or in departing above his sentencing guidelines range alone would not merit habeas relief. *Id.*

### IV.  Conclusion

The Court will deny the petition for writ of habeas corpus with prejudice.  The Court

will also deny a certificate of appealability to petitioner.  In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; *See also Strayhorn v. Booker,* 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *See Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).  The Court will also deny petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *Id.*

## IV. <u>ORDER</u>

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

s/ Nancy G. Edmunds
**HON. NANCY G. EDMUNDS**
UNITED STATES DISTRICT COURT

Dated:October 15, 2015

28